IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VIOLA E. TRUSTY

FILED AUG 0 8 2006

V.

C.A. NO. 05-6782

BKY # 05-31714

WACHOVIA BANK OF
DELAWARE, N.A., et al.

## MEMORANDUM OPINION AND ORDER

RUFE, J.                                                    AUGUST 8, 2006

Appellant/Debtor Viola E. Trusty (the "Debtor") appeals from the Order dated November 22, 2005 of the United States Bankruptcy Court for the Eastern District of Pennsylvania, wherein the Honorable Kevin J. Carey dismissed the Debtor's Chapter 13 bankruptcy case (the "2005 case") based on a finding that: (1) the 2005 case was filed within eight days of the dismissal of another Chapter 13 case filed on November 12, 2003 ("the 2003 case") and dismissed on August 23, 2005, and (2) the Debtor failed to demonstrate a change in circumstances which justified the filing of the

ENTERED
AUG 0 9 2006
CLERK OF COURT

2005 case.[1] For the reasons that follow, this Court affirms the Order of November 22, 2005.

Appellee Americap Financial, Inc. ("Americap") held a first mortgage on property titled in the name of the Debtor, located at 331 South Plum Street, Media, Pennsylvania (the "Property"). The first mortgage is currently held by Appellee Wachovia Bank of Delaware, N.A. ("Wachovia"). Appellee First Horizon Home Loan Corporation ("First Horizon") held a second mortgage on the Property. The second mortgage is currently held by Appellee Equity One, Inc. ("Equity One").

On March 22, 2004, the Debtor initiated an adversary proceeding (the "Adversary Action") by filing a complaint seeking to avoid the mortgages against the Property. On April 8, 2004, Equity One filed a motion for relief from the automatic stay based upon the Debtor's failure to make adequate protection payments (the "Motion for Relief").

---

1.  The actual written Order dismissed the 2003 case for the reasons stated in the record on November 22, 2005.

2

On April 13, 2004, the Standing Chapter 13 Trustee filed a motion to dismiss the 2003 case (the "Motion to Dismiss"). Hearings on both motions were continued numerous times at the request of the Debtor.

On November 9, 2004, the Debtor and Equity One entered into a stipulation ("Stipulation of Settlement"), which required the Debtor to make adequate protection payments, thereby conditionally resolving the Motion for Relief. On January 10, 2005, the Bankruptcy Court entered an order approving the Stipulation of Settlement, which resolved the Motion for Relief.

On April 29, 2005, in response to a notice of default under the terms of the Stipulation of Settlement by Equity One, but before the filing of a Certification of Default, the Debtor filed an "Objection to Prospective Certification of Stipulation by Equity One, Inc." On May 23, 2005, Equity One filed a Certification of Default of Stipulation. On June 28, 2005, the Bankruptcy Court sua sponte vacated the Order granting Equity One relief from the automatic stay and

scheduled a hearing to consider the Certification of Default and Objection for July 19, 2005 (the scheduled hearing date on the Motion to Dismiss). Once again, hearings on the Certification of Default and outstanding Motion to Dismiss were continued several times at the request of the Debtor.

On August 23, 2005, the Debtor asserted that she had no defense to the Motion to Dismiss and the Bankruptcy Court entered an Order dismissing the 2003 case. Prior to representing to the Bankruptcy Court that Debtor could not defend against the Motion to Dismiss, the Debtor, through counsel, also represented to Equity One that she had no defense to the Certification of Default.

On September 1, 2005, just eight days after the Bankruptcy Court dismissed the 2003 case, the Debtor filed the 2005 case. Americap, Wachovia, First Horizon, and Equity One responded by filing a Joint Motion to Dismiss the 2005 case, claiming, inter alia, that the 2005 case was filed in bad faith in violation of 11 U.S.C. section 1307 and in violation of the 180-day bar provision contained in 11 U.S.C.

section 109(g). The Bankruptcy Court held an evidentiary hearing on the Joint Motion to Dismiss on November 22, 2005, at which the Debtor testified.

On November 22, 2005, the Bankruptcy Court entered an Order dismissing the 2005 case based upon a factual finding that the Debtor's financial circumstances had not materially changed since the dismissal of the 2003 case, and, therefore, the Debtor had not shown that she could successfully reorganize under Chapter 13. On December 1, 2005, the Debtor filed a Notice of Appeal with this Court.

In reviewing a bankruptcy court's decision, the district court sits as an appellate court.[2] The district court may not set aside the bankruptcy court's factual findings unless they are clearly erroneous.[3] Moreover, the district court shall give due regard to the bankruptcy court's opportunity to judge the credibility of witnesses.[4]

---

2. 28 U.S.C. § 158(a).

3. In re Knapper, 407 F.3d 573, 578 (3d Cir. 2005).

4. Id.

Section 1307(c) of the Bankruptcy Code provides for the conversion or dismissal of a debtor's case upon request of a party in interest for cause. The Third Circuit has held that lack of good faith in filing is sufficient cause for dismissal under section 1307(c).[5] The good faith of Chapter 13 filings must be assessed on a case-by-case basis in light of the totality of the circumstances.[6] Factors relevant to this determination include:

> the nature of the debt....; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and creditors.[7]

In addition, in determining whether a debtor has re-filed in good faith, the Bankruptcy Court for the Eastern District of Pennsylvania has considered the following additional factors: (1) whether there has been a material change

---

5.  In re Lilley, 91 F.3d 491, 496 (3d Cir. 1996).

6.  Id.

7.  Id.

in a debtor's circumstances since a previous filing; (2) whether a debtor has proposed a "confirmable and feasible Chapter 13 plan"; and (3) whether the debtor's history of past filings reflects an intent to abuse the bankruptcy process through a strategy of successive filings without any real reorganization effort.[8]

Here, the Bankruptcy Court found that there had been no material change in the Debtor's financial circumstances in the very brief time from when the 2003 action was dismissed and the 2005 action was commenced. Specifically, the Bankruptcy Court stated:

> THE COURT: Mr. Scholl, as--you know, Congress hasn't--well, up until recently, addressed directly how many times a debtor ought to have to-to obtain bankruptcy relief. There was no bar on the number of, no limit on the number of filings, but decisional law has developed, which I follow regularly, which says that if--if--if one filing follows quickly on the heels of a dismissal or a prior filing, the debtor has to demonstrate that there's been some change of circumstances.

---

8. In re LeGree, 285 B.R. 615, 619 (Bank. E.D.Pa. 2002)(Carey, J.)(citing cases).

> I don't think the debtor here has demonstrated this. The debtor has admittedly said she can't pay her second mortgage. I mean, ordinarily, in a Chapter 13 case, that's a–that's a circumstance that would have to be addressed. Now you're saying if you're successful in the adversary...she'll have...she'll have no lien holders...I just don't think that there's a basis for determining that this Chapter 13 should go forward. Whether it's because she's presently not prepared to address the payment of the second mortgage, which is not disputed and that the circumstances just have not sufficiently changed within the few days, literally, that passed between the prior case and the present case... [9]

The Debtor testified at the evidentiary hearing that she had defaulted upon her obligation to make "adequate protection plan" payments because she believed that her daughter was making payments to Equity One.[10] Moreover, the Debtor testified that although her financial condition had improved since the filing of the 2003 case, it had only improved by a "couple of dollars" and her "expenses have

---

9. Tr. of 11/22/05, at 52-54.

10. Tr. of 11/22/05, at 32.

gone up an awful lot."[11] In addition, the Debtor testified that, prior to filing the 2005 case, she could no longer rely on her daughter to help with adequate protection payments and, as a result, her problems meeting her obligations had actually increased.[12] Nor has the Debtor shown any type of confirmable and feasible Chapter 13 plan.

In sum, the Debtor filed the 2005 case only eight days after she consented to the dismissal of the 2003 case. Since this Court's review of the record reveals that the Debtor has not shown within that eight day period any material change in her financial circumstances, any confirmable and feasible Chapter 13 plan real reorganization effort, nor any real reorganization effort, the Order of the Bankruptcy Court must be affirmed.

---

11.  Tr. of 11/22/05, at 28-29.
12.  Tr. of 11/22/05, at 32.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VIOLA E. TRUSTY

V.                                                             C.A. NO. 05-6782

                                                               Bky # 05-31714

WACHOVIA BANK OF
DELAWARE, N.A., et al.

### ORDER

AND NOW, this 8th day of August, 2006, it is hereby ORDERED that the Order of the Bankruptcy Court for the Eastern District of Pennsylvania dated November 22, 2005 dismissing the Debtor's Chapter 13 Bankruptcy Case, No. 05-31714, is AFFIRMED.

IT IS SO ORDERED.

BY THE COURT:

_Cynthia M. Rufe_

CYNTHIA M. RUFE, J.